# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3431

_____

John Buff,

        Appellant,

    v.

Chuck Dwyer; Laura Vance;
Johnnie Williams; Yvonne Moore;
Dawn Horn; Jackie Cooper; Dan
Martinez; Alex Clinton; Christy
Clinton; Lance Gordon; Clarence
Busby; Gary Derrick; John Darrin;
Unknown Collins; Mary Ann Faulkner;
Unknown Thompson; Southeast
Correctional Center Employees John
Does 1-12; Eric Harper; Kevin McKay;
Travis Jackson; Donald Beck,

        Appellees.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Eastern
\*  District of Missouri.
\*
\*
\*      [UNPUBLISHED]
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted: June 14, 2011
Filed: August 9, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Missouri inmate John Buff appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 suit. For the following reasons, we affirm.

Mr. Buff was attacked by fellow inmates shortly after his transfer to Southeast Correctional Center. Following the attack, he was immediately placed in administrative segregation. Mr. Buff was unable to identify his assailants, and prison officials investigated but were unable to determine which inmates perpetrated the attack. After spending approximately thirty days in administrative segregation, Mr. Buff was returned to general population where he was attacked by fellow inmates within a couple of days of his return. Mr. Buff alleged that Eric Harper, Alex Clinton, Lance Gordon, Jackie Cooper, Yvonne Moore, Dawn Horn, Dan Martinez, Laura Vance, and Christy Clinton were deliberately indifferent to the risk that he would be assaulted once he was returned to general population, in violation of his Eighth Amendment rights.[2] To demonstrate such a violation, Mr. Buff had to show that (1) his release into general population posed a substantial risk of serious harm, and (2) each defendant knew of and disregarded that risk. See Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir. 2003).

The district court concluded that defendants were entitled to qualified immunity, because they did not violate the Constitution. See Young v. Selk, 508 F.3d 868, 871 (8th Cir. 2007) (when deciding whether official is entitled to qualified immunity, court first determines whether official violated federal right at all; if so,

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

[2]We do not address the claims that Mr. Buff raised against the other defendants, because he did not meaningfully raise those claims in his opening brief on appeal. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

court then determines whether that right was clearly established). We agree with the district court that Mr. Harper was entitled to summary judgment, because Mr. Buff failed to present evidence rebutting Mr. Harper's evidence that he had no responsibility for returning Mr. Buff to general population. See Ripson v. Alles, 21 F.3d 805, 808-09 (8th Cir. 1994) (defendant is entitled to summary judgment in § 1983 suit where he was not personally or directly involved in alleged constitutional violation). We also agree with the district court that the remaining defendants were entitled to summary judgment, because Mr. Buff failed to rebut the evidence showing either that (1) the defendant did not actually infer that Mr. Buff faced a substantial risk of assault if returned to general population, see Norman v. Schuetzle, 585 F.3d 1097, 1104 (8th Cir. 2009) (each prison official's subjective knowledge of risk that prisoner faces must be assessed individually; official must be aware of facts from which inference could be drawn that substantial risk of serious harm exists and must actually draw inference); or (2) the defendant responded reasonably to the risk by conducting an investigation into the assault and placing Buff in administrative segregation following the assault, see Nelson v. Shuffman, 603 F.3d 439, 446 (8th Cir. 2010) (prison official is deliberately indifferent if he or she actually knows of substantial risk and fails to respond reasonably).

Accordingly, we affirm the district court's judgment.

BYE, Circuit Judge, concurring in part and dissenting in part.

I concur in the majority's decision affirming the district court's grant of summary judgment with respect to defendants Eric Harper, Alex Clinton, Lance Gordon, and Jackie Cooper. With respect to John Buff's claims against defendants Dawn Horn, Yvonne Moore, Dan Martinez, Laura Vance, and Christy Clinton ("defendants"), I believe material questions of fact remain, which preclude the district court's grant of summary judgment. I therefore respectfully dissent.

To succeed in his Eighth Amendment claims, Buff need not show "that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 842 (1994). In demonstrating the officials' knowledge of a risk of harm, Buff "is *not* required to allege and prove that the defendant[s] . . . specifically knew about or anticipated the precise source of the harm." Kahle v. Leonard, 477 F.3d 544, 551 (8th Cir. 2007) (citation omitted) (emphasis in original). In general, "[t]he question of whether the official knew of the substantial risk is a factual one 'subject to demonstration in the usual ways, including inference from circumstantial evidence.'" Young v. Selk, 508 F.3d 868, 873 (8th Cir. 2007) (quoting Farmer, 511 U.S. at 842).

Viewing the record in the light most favorable to Buff, as we are required to do on summary judgment, I would conclude defendants Horn, Moore, Martinez, Vance, and Clinton had knowledge of a substantial risk to Buff's safety. The record shows Buff notified the defendants his life was in danger due to his assailants' threats that he would be killed if he returned to general population. In multiple written and oral statements, Buff requested to be placed in protective custody in light of these threats. Although "threats between inmates are common and do not, in every circumstance, serve to impute actual knowledge of a substantial risk of harm," Blades v. Schuetzle, 302 F.3d 801, 804 (8th Cir. 2002) (internal quotation marks and citation omitted), Buff's version of the facts, if accepted by the jury, demonstrate he believed he was at substantial risk of being assaulted and he communicated this information to the defendants. See Young, 508 F.3d at 873 (concluding summary judgment was not proper where the plaintiff told officials of an inmate's threat, of the urgent circumstances, and of his need to be moved immediately). This is particularly true when considering the fact the threats were made after Buff was already assaulted once and warned not to return to general population.

The district court concluded the defendants did not actually believe Buff was at serious risk of harm in the general population, stating:

> The evidence is consistent that the primary reason Plaintiff was denied continued protective custody was because there was no specific, known threat to Plaintiff in the general population; he was unable to identify any specific enemy and Defendants' investigation into the assault did not uncover any suspects. Plaintiff himself acknowledged that it was 'beyond strange' that he was unable to determine who had assaulted him or why. As such, the evidence does not indicate that Defendants were anything more than negligent in deciding that the risk to Plaintiff was not as severe as he represented.

Order at 10. Contrary to the district court's implication, the Supreme Court in Farmer expressly rejected imposing a requirement on a prisoner to provide advance notification of a substantial risk of assault. See Farmer, 511 U.S. at 849 n.10 ("The District Court's opinion is open to the reading that it required not only advance notification of a substantial risk of assault, but also advance notification of a substantial risk of assault posed by a particular fellow prisoner. The Eighth Amendment, however, imposes no such requirement.") (internal citation omitted). This court has also concluded a prisoner's "failure to give advance notice of [an attack] is inconclusive as to the defendants' subjective knowledge." Whitson v. Stone County Jail, 602 F.3d 920, 924 (8th Cir. 2010). Thus, to the extent the district court concluded the officials did not have knowledge of a substantial risk of harm to Buff based on his inability to specifically identify his assailants, I would conclude the court erred. "Regardless of how prison officials become subjectively aware of a substantial risk of serious harm to an inmate–and indeed, even in situations where the prisoner himself remains oblivious to the potential harm–the Eighth Amendment requires them to respond reasonably." Howard v. Waide, 534 F.3d 1227, 1237 (10th Cir. 2008); see also Williams v. McLemore, 247 F. App'x 1, 13 (6th Cir. 2007) ("[N]othing in Farmer

suggests that [the prisoner's] claim must fail because he cannot identify the person who stabbed him.").

The closer issue is whether the defendants responded reasonably to the risk. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844. As the majority notes, the defendants placed Buff in administrative segregation after the first assault and took some measures to attempt to identify the attackers. On the other hand, the defendants seemed to give short shrift to Buff's repeated requests for protective custody. Although Buff was placed in administrative segregation for thirty days "pending protective custody review," the record is unclear as to whether he actually received such a review, as the defendants recommended Buff be returned to general population following the March 3, 2005, classification hearing because his behavior had improved and he did not have any known enemies. At that hearing, the defendants denied Buff's request for protective custody because such protection was unavailable unless Buff could specifically identify a known enemy. Accordingly, the defendants returned Buff to general population just five cells from where he was previously assaulted. Three days later, Buff was stabbed by two inmates, causing lacerations to his chest, side, and shoulder.

By placing the onus on Buff to identify his masked assailants, the defendants improperly shifted responsibility for protection to Buff himself. See Young, 508 F.3d at 874. Moreover, the defendants refused to conduct other measures such as allowing Buff to attempt to identify his assailants through photographs. See Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 620 (11th Cir. 2007) ("An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly declined to act or if he knew of ways to reduce the harm but recklessly declined to act.") (internal quotation marks and citation omitted). I am particularly concerned with Yvonne Moore's statement to Buff that he could

-6-

determine the identity of his attackers once he returned to general population; not only does this show knowledge of a substantial risk to Buff's safety, it was an unreasonable response in the face of Buff's statements that his life was in danger if he returned to general population.

At the very least, there are remaining questions of fact concerning the defendants' response to Buff's repeated requests for protective custody. "Whether [Buff] is ultimately able to prove the alleged factual bases for his claims is a matter left for the finder of fact–not the appellate court on interlocutory appeal." Nelson v. Shuffman, 603 F.3d 439, 448 (8th Cir. 2010). Therefore, based on the remaining questions of fact, I would reverse the district court's grant of summary judgment with respect to defendants Horn, Moore, Martinez, Vance, and Clinton.

_____